HARWELL *et al. v.* WALKER *et al.; et vice versa.*

GILBERT, J. 1. The evidence demanded a finding that the sheriff's deed to McDonald, considered in connection with the approval by petitioners, together with the quitclaim deed of Mrs. Nicholson, conveyed good and valid title to the grantee; and that the security deed of McDonald to Walker, executed with the consent and approval of petitioners, conveyed

good title to Walker as security for the money loaned by the latter.

2. Under the evidence the security deed of McDonald to Walker entitled the latter to the first lien on the property; and this is true whether or not Walker knew of an agreement by McDonald to resell the property to petitioners. Such resale was necessarily subject to the Walker deed. The lien of McDonald is secondary to that of Walker.

3. For the above reasons the court erred in refusing to grant a new trial on the motion of Walker.

4. Since one verdict was directed covering the entire case, the above rulings are controlling and require the verdict as a whole to be set aside, and that a new trial of the case be had in accordance with the rulings now made.

5. The judgment overruling the demurrer of Walker was not erroneous.

*Judgment reversed on the cross-bill of exceptions; main bill of exceptions dismissed. All the Justices concur.*

Nos. 6754, 6755. December 13, 1928.

486

*Noel P. Park,* for plaintiffs.
*E. R. Lambert* and *Miles W. Lewis,* for defendants.